## CULLIGAN v STATE

Ohio Appeals, 4th Dist, Lawrence Co
Decided June 24, 1930

A. J. Lyne and H. A. McCown, both of Ironton, for Culligan.

Lee D. Andrews, Prosecuting Attorney, Ironton, for State.

MAUCK, J.

The first question raised is whether the finding of guilty on the charge of selling to Burns was sustained by the evidence. He labored to avoid the use of the words whiskey and intoxicant but he did swear to buying "drinks" of the accused. These drinks cost twenty cents for a small drink and fifty cents for a big drink. They had the effect of making the drinker drowsy. When asked if it made him drunk he answered:

"Kinda drunk—made me feel kinda that way."

Elsewhere the record shows:

"Q Was it whiskey?
A No, I couldn't say what it was.
Q What did it taste like?
A It tasted something like that."

The evidence further showed that the room where this sale occurred was fitted up with a device by which contraband stuff might be precipitated in a dry well on the approach of officers. The accused did not go on the witness stand. The evidence was ample to convict.

It is further claimed that the accused should not have been found guilty and punished as for a second offense because there was insufficient proof that he had ever been previously convicted of violating the liquor laws. In this behalf the record shows that the clerk of the Court of Common Pleas testified that T. C. Culligan was found guilty and fined for the unlawful possession of intoxicating liquor. The date of the conviction is not shown. The date of the offense, however, was November 28, 1928, and the affidavit was filed December 1, 1928, and this was sufficient to support the charge that the conviction that followed was on or about December 15, 1928, as charged.

It is further contended that while there was thus shown the conviction of one T. C. Culligan that that Culligan was not shown to be the accused. This involves the significance of the name as the sole means of identification of a party.

**Jones on Evidence, Section 354,** says:

"Since names are used for the very purpose of identifying persons, it is not infrequently presumed that a given name identifies the person bearing such name. *** The presumption is of long standing in the law, and it is sufficient, prima facie, to control."

The author adds, however, that the identity of names raises only a rebuttable presumption.

**22 Corpus Juris, 92,** says:

"It is an inference of fact that identity of name indicates an identity of person; and it has been held that the court itself will assume the inference to be correct in the absence of evidence to the contrary."

**19 Ruling Case Law, 1332,** holds:

"While the presumption has not been indulged in some cases the great weight of authority is to the effect that from

identity of names identity of persons will be presumed, unless, perhaps, the name is a very common one or there are special circumstances creating confusion in the identity. This rule has sometimes been recognized by statute, and has frequently been applied in criminal as well as civil proceedings."

The presumption that the Culligan on trial was the same Culligan convicted in the same court at an earlier hearing was not met by any evidence at all, even that of the accused.

Judgment affirmed.

Middleton, PJ, and Blosser, J, concur.